**LEILA W. MORGAN**
California State Bar No. 232874
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: Leila_Morgan@fd.org

Attorneys for Mr. Perez-Salaz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR0552-JM |
| ) | |
| Plaintiff, ) | STATEMENT OF FACTS AND |
| ) | MEMORANDUM OF POINTS AND |
| v. ) | AUTHORITIES IN SUPPORT OF |
| ) | DEFENDANT'S MOTIONS |
| **RAFAEL PEREZ-SALAS** ) | |
| ) | |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**[1]

On February 16, 2008, Rafael Perez-Salas arrived at the San Ysidro, California Port of Entry. Upon arrival at primary inspection he presented a naturalization certificate bearing the name "Ricard Abitia" that bore his picture. The passenger in the car, Hilda Aguilar-Ramirez, presented a valid I-551 Permanent Resident Car bearing the name "Maria E. Ortega De Escoto," that was not lawfully issued to her. The vehicle was referred to secondary inspection, pursuant to a computer referral. During secondary inspection both Mr. Perez-Salas and Ms. Aguilar-Ramirez presented the same documents a second time.

---

[1] Unless otherwise stated, the "facts" referenced in these papers come from government-produced discovery that the defense continues to investigate. Mr. Perez-Salas does not admit the accuracy of this information and reserves the right to challenge it at any time.

1   Mr. Perez-Salas was arrested for being an imposter to the document he presented. After being placed under arrest, Mr. Perez-Salas was interviewed regarding his involvement in this offense. He is alleged to have made incriminating statements about his knowledge of the false documents, the alienage of the material witness and his illegal reentry to the United States.

On February 27, 2008, an indictment was filed charging Mr. Perez-Salas with seven counts: one count of bringing in an alien for financial gain and one count of bringing in an alien without presentation, on March 14, 2007; one count of bringing in an alien for financial gain and one count of encouraging and inducing an alien to enter the United States on November 8, 2007; one count of bringing in a alien for financial gain and one count of encouraging and inducing an alien to enter the United States on February 16, 2008; and one count of attempted reentry after deportation on February 16, 2008.

These motions follow.

## II.

## **MOTION TO COMPEL DISCOVERY**

Mr. Perez-Salas requests the following discovery. Her request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

1.   The Defendant's Statements. The government must disclose to Mr. Perez-Salas *all* copies of any written or recorded statements made by Mr. Perez-Salas; the substance of any statements made by Mr. Perez-Salas that the government intends to offer in evidence at trial; any response by Ms. Vasqeuz to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mr. Perez-Salas's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to Mr. Perez-Salas; and any other statements by Mr. Perez-Salas. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* Mr. Perez-Salas's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

1       2.   <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Perez-Salas also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Perez-Salas or any other discoverable material is contained. **Mr. Perez-Salas includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written.** This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Perez-Salas are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

      3.   <u>Brady Material</u>. Mr. Perez-Salas requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

      4.   <u>Any Information That May Result in a Lower Sentence</u>. As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to <u>Brady</u>, 373 U.S. 83. The government must disclose any cooperation or attempted cooperation by Mr. PErez-Salas, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines Manual ("Guidelines"). Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Perez-Salas's criminal history, or any other application of the Guidelines.

5. <u>The Defendant's Prior Record</u>. Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Mr. Perez-Salas specifically requests a complete copy of any criminal record.

6. <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

This includes any "TECS" records (records of prior border crossings) that the government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. <u>United States v. Vega</u>, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

Mr. Perez-Salas requests that such notice be given *three weeks before trial* to give the defense time to adequately investigate and prepare for trial.

7. <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8. <u>Request for Preservation of Evidence</u>. The defense specifically requests that all **dispatch tapes** or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to **vehicle involved in the case**, Mr. Perez-Salas's personal effects, and any evidence seized from Mr. Perez-Salas or any third party. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients).

It is requested that the prosecutor be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. <u>Henthorn Material</u>. Mr. Perez-Salas requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See <u>Kyles v. Whitley</u>, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Mr. Perez-Salas further requests production of any such information at least *one week* prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

10. <u>Tangible Objects</u>. Mr. Perez-Salas requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Perez-Salas. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Perez-Salas requests **color copies** of all photographs in the government's possession of the alleged narcotics and the vehicle in which the narcotics were found.

11. <u>Expert Witnesses</u>. Mr. Perez-Salas requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). See <u>United States v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not

adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Mr. Perez-Salas or any other witness.

Mr. Perez-Salas requests the notice of expert testimony be provided at a minimum of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12. Impeachment evidence. Mr. Perez-Salas requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Perez-Salas. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady, 373 U.S. 83. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. Evidence of Criminal Investigation of Any Government Witness. Mr. Perez-Salas requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

14. Evidence of Bias or Motive to Lie. Mr. Perez-Salas requests any evidence that any prospective government witness is biased or prejudiced against Mr. Perez-Salas, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.

15. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity. Mr. Perez-Salas requests any evidence, including any medical or psychiatric report or evaluation,

1  tending to show that any prospective witness's ability to perceive, remember, communicate, or tell
2  the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled
3  substance, or has ever been an alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d
4  213, 224 (4th Cir. 1980).

5        16.   Witness Addresses. Mr. Perez-Salas requests the name and last known address of each
6  prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987);
7  United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses
8  by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has
9  equal right to talk to witnesses). Mr. Perez-Salas also requests the name and last known address of
10 every witness to the crime or crimes charged (or any of the overt acts committed in furtherance
11 thereof) who will *not* be called as a government witness. United States v. Cadet, 727 F.2d 1453
12 (9th Cir. 1984).

13       17.   Name of Witnesses Favorable to the Defendant. Mr. Perez-Salas requests the name
14 of any witness who made any arguably favorable statement concerning Mr. Perez-Salas or who could
15 not identify him or who was unsure of his identity or participation in the crime charged. Jackson v.
16 Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d
17 1164,1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied,
18 444 U.S. 1086 (1980).

19       18.   Statements Relevant to the Defense. Mr. Perez-Salas requests disclosure of any
20 statement that may be "relevant to any possible defense or contention" that he might assert.
21 United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). **This includes grand jury transcripts**
22 **that are relevant to the defense motion to dismiss the indictment.**

23       19.   Jencks Act Material. Mr. Perez-Salas requests production in advance of the motion
24 hearing or trial of all material, including dispatch tapes, that the government must produce pursuant
25 to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that
26 "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or
27 notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487,
28 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that

1 interview notes constitutes Jencks material when an agent reviews notes with the subject of the
2 interview); see also United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999).  Advance
3 production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Perez-Salas
4 to investigate the Jencks material.  Mr. Perez-Salas requests pre-trial disclosure of such statements
5 to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use
6 properly any Jencks statements during cross-examination.

7      20.   Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr.
8 Perez-Salas requests all statements and/or promises, expressed or implied, made to any government
9 witnesses, in exchange for their testimony in this case, and all other information that could arguably
10 be used for the impeachment of any government witnesses.

11      21.   Agreements Between the Government and Witnesses.  Mr. Perez-Salas requests
12 discovery regarding any express or implicit promise, understanding, offer of immunity, of past,
13 present, or future compensation, or any other kind of agreement or understanding, including any
14 implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between
15 any prospective government witness and the government (federal, state and/or local).  This request
16 also includes any discussion with a potential witness about or advice concerning any immigration
17 benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made
18 or the advice not followed.

19      22.   Informants and Cooperating Witnesses.  Mr. Perez-Salas requests disclosure of the
20 names and addresses of all informants or cooperating witnesses used or to be used in this case, and
21 in particular, disclosure of any informant who was a percipient witness in this case or otherwise
22 participated in the crime charged against Mr. Perez-Salas.  The government must disclose the
23 informant's identity and location, as well as disclose the existence of any other percipient witness
24 unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 52, 61-62 (1957).  The
25 government must disclose any information derived from informants that exculpates or tends to
26 exculpate Mr. Perez-Salas.

27      23.   Bias by Informants or Cooperating Witnesses. Mr. Perez-Salas requests disclosure of
28 any information indicating bias on the part of any informant or cooperating witness.  Giglio,

1  405 U.S. 24. Such information would include what, if any, inducements, favors, payments or threats
2  were made to the witness to secure cooperation with the authorities.

3        24.    <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Mr. Perez-Salas
4  requests all citizen complaints and other related internal affairs documents involving any of the
5  immigration officers or other law enforcement officers who were involved in the investigation, arrest
6  and interrogation of Mr. Perez-Salas.  See <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).
7  Because of the sensitive nature of these documents, defense counsel will be unable to procure them
8  from any other source.

9        25.    <u>Training of Relevant Law Enforcement Officers</u>.  Mr. Perez-Salas requests copies of
10 all written videotaped or otherwise recorded policies or training instructions or manuals issued by
11 all law enforcement agencies involved in the case (United States Customs Service, Border Patrol,
12 INS, Department of Homeland Security, etc.) to their employees regarding: (a) the handling of
13 vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary
14 inspection of persons within those vehicles; (c) the detention of individuals within those vehicles;
15 (d) the search of those vehicles and the occupants of those vehicles, including the proper means of
16 obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of
17 their Constitutional rights; (f) the questioning of suspects and witnesses.  Mr. Perez-Salas also
18 requests all written or otherwise attainable information regarding the training of Customs agents at
19 ports of entry in California to detect or discover contraband in vehicles entering the United States,
20 including any training offered to Border Patrol, INS, or officers of Homeland Security Department,
21 by the DEA or other law enforcement agencies or individuals.

22       26.    <u>Performance Goals and Policy Awards</u>.  Mr. Perez-Salas requests disclosure of
23 information regarding standards used for measuring, compensating or reprimanding the conduct of
24 all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent
25 such information relates to the detection of contraband.  This request specifically includes
26 information concerning performance goals, policy awards, and the standards used by Customs for
27 commending, demoting, or promoting agents for their performance at the port of entry and their
28 success or failure to detect illegal narcotics in general.

27. <u>TECS Reports</u>. Mr. Perez-Salas requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Mr. Perez-Salas. **Any prior border crossings are considered "other acts" evidence which the government must produce before trial**. <u>Vega</u>, 188 F.3d at 1154.

28. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Perez-Salas requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

29. <u>Brady Information</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

30. <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

31. <u>Specific Request</u>. Mr. Perez-Salas specifically requests the opportunity to view the "A-File" of the material witness in this case.

32. <u>Residual Request</u>. The defendant intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.

## **THIS COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS**

Mr. Perez-Salas and defense counsel have received 176 pages of discovery in this case. Defense counsel has reason to believe this discovery is incomplete. Defense counsel requests leave to file further motions as new information comes to light.

## IV.

## **CONCLUSION**

For the reasons stated, Mr. Perez-Salas requests that this Court grant his motions.

Respectfully submitted,

DATED: April 3, 2008      /s/ *Leila W. Morgan*
**LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Perez-Salas
Leila_Morgan@fd.org